IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **KASHYAP "KASH" PATEL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**POLITICO, LLC, NATASHA BERTRAND and ROBERT L. ALLBRITTON,**<br><br>**Defendants.** | Civil No. 3:19-cv-879-MHL |

### RESPONSE CONSENTING TO PLAINTIFF'S MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447, Rule 81 of the Federal Rules of Civil Procedure, and Rule 7(c) of the Local Rules of Civil Procedure, Defendants, by their undersigned counsel, hereby respond and consent to Plaintiff's Motion to Remand the above-captioned action to the Circuit Court for Henrico County, Virginia.

Defendants removed the above-captioned matter because Plaintiff's Complaint does not allege his citizenship. The Complaint does, however, plead a series of ties to Florida, including membership to the Bar of the State of Florida. Compl. ¶ 4. Accordingly, in good faith, and in reliance on public records searches indicating additional ties to Florida, Defendants removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Defendants do not dispute that, if Plaintiff is a citizen of the District of Columbia, complete diversity is lacking.

Counsel for the Defendants has since conferred with counsel for the Plaintiff. Counsel for the Plaintiff made representations that Plaintiff is a citizen of the District of Columbia and has severed his ties with Florida. Accordingly, in reliance on these representations, Defendants

will not seek leave to pursue discovery related to Plaintiff's citizenship, and will consent to Plaintiff's Motion to Remand this action to state court.

Defendants do oppose Plaintiff's request for attorney's fees in the amount of $950. The United States Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). This Court does not award attorney's fees without finding that the notice of removal was filed in bad faith. *See, e.g., Iceland Seafood Corp. v. Nat'l Consumer Co-op Bank*, 285 F. Supp. 2d 719, 727 (E.D. Va. 2003); *Tincher v. Ins. Co.*, 268 F. Supp. 2d 666, 667 (E.D. Va. 2003); *see also ITT Industrial Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir. 1987). Defendants removed the action in good faith and in the absence of an express pleading of citizenship in the Complaint, and hereby consent to Plaintiff's Motion to Remand in an effort to conserve the time and resources of this Court and the parties. Accordingly, Plaintiff's request for attorney's fees should be denied.

Dated: December 11, 2019

Respectfully submitted,

BALLARD SPAHR LLP

By: /s/ Matthew E. Kelley
Matthew E. Kelley (Va. Bar No. 84045)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 508-1112
Fax: (202) 661-2299
kelleym@ballardspahr.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2019, I caused a true and correct copy of the foregoing Response Consenting to Plaintiff's Motion to Remand to be served on counsel of record via the Court's CM/ECF system:

>Steven S. Biss
>300 West Main Street
>Suite 102
>Charlottesville, VA 22903
>Tel: (804) 501-8272
>Fax: (202) 318-4098
>stevenbiss@earthlink.net

*Counsel for Plaintiff*

>/s/ Matthew E. Kelley
>Matthew E. Kelley
>Ballard Spahr LLP
>1909 K Street NW, 12th Floor
>Washington, DC 20006
>Tel:  (202) 508-1112
>Fax:  (202) 661-2299
>kelleym@ballardspahr.com

*Counsel for Defendants*