IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KASHYAP PATEL,

        Plaintiff,

v.                                                                         Civil Action No. 3:19cv879

POLITICO LLC, *et al.*,

        Defendants.

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff Kashyap Patel's Motion to Remand. (ECF No. 5.) Defendants Politico LLC, Natasha Bertrand, and Robert L. Allbritton (collectively, the "Defendants") filed a joint response to the Motion to Remand, (ECF No. 7), consenting to remand. For the reasons that follow, the Court will grant the Motion to Remand, and deny Patel's request for payment of fees pursuant to 28 U.S.C. § 1447(c).[1]

### I.    Factual and Procedural Background

Patel brings claims of defamation and common law conspiracy arising from a number of news articles that the Defendants published about Patel between October 23, 2019 and November 8, 2019. On November 18, 2019, Patel filed his Complaint in the Circuit Court for the County of Henrico, Virginia (the "Henrico County Circuit Court"). On November 26, 2019,

---

[1] Title 28, Section 1447(c) of the United States Code provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

the Defendants removed the case to this Court pursuant to 28 U.S.C. § 1332(a)(1),[2] claiming diversity of citizenship. (*See* Not. Removal 1, ECF No. 1.)

In support of removal, the Defendants noted that "[t]he Complaint does not allege the Plaintiff's citizenship. On information and belief, [Patel] maintains a Florida divers' [sic] license and a permanent residence in Florida and, for purposes of diversity jurisdiction, is a citizen of Florida." (Not. Removal ¶ 6, ECF No. 1.) The Defendants averred that Politico "is a citizen of Delaware, Virginia, the District of Columbia, Texas and Maryland" and that Bertrand and Allbritton are both citizens of the District of the Columbia. (*Id.* ¶¶ 10–12.) Because none of the Defendants are citizens of Florida, the Defendants claimed that "[c]omplete diversity of the parties . . . exists" and removal of the matter was proper. (*Id.* ¶¶ 13, 15.)

In response, Patel filed the Motion to Remand claiming that he "is a citizen of the District of Columbia" and attached his Driver's License from the District of Columbia in support of that claim. (Mem. Supp. Mot. Remand 1, ECF No. 6; Mem. Supp. Mot. Remand Ex. A "Driver's License," ECF No. 6-1.) Patel requested that this Court "remand the case to [s]tate [c]ourt, and award attorney's fees in the sum of $950." (*Id.* 2.) In response, the Defendants consented to remand, stating that:

> Counsel for the Defendants has . . . conferred with counsel for the Plaintiff. Counsel for the Plaintiff made representations that Plaintiff is a citizen of the District of Columbia and has severed his ties with Florida. Accordingly, in reliance on these representations, Defendants will not seek leave to pursue discovery related to

---

[2] A federal district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different states." 28 U.S.C. § 1332(a)(1). Federal diversity jurisdiction requires complete diversity of citizenship. *Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)); *see also* 28 U.S.C. § 1332(a)(1). "[T]he 'citizenship of each plaintiff [must be] diverse from the citizenship of each defendant.'" *Abraham*, 2011 WL 1790168, at *2 (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (second alteration in original)).

2

>Plaintiff's citizenship, and will consent to Plaintiff's Motion to Remand this action to state court.

(Resp. Mot. Remand 1–2, ECF No. 7.) The Defendants however oppose Patel's request for attorney's fees in the amount of $950, stating that they removed "the action in good faith and in the absence of an express pleading of citizenship in the Complaint." (*Id.* 2.)

## II.   Analysis:  Motion to Remand and Patel's Request for Fees

Based on Defendants' consent and the representations made by Counsel for Patel concerning his client's citizenship, the Court determines that complete diversity of citizenship does not exist.[3] Because the Court lacks subject matter jurisdiction, the Court will remand this case to the Henrico County Circuit Court.  For the reasons below, the Court declines to award attorney's fees to Patel.

Title 28, Section 1447(c) of the United States Code provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Whether to award attorney's fees lies within the court's discretion, but the court must be guided by the "reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.  Unusual circumstances may include the non-removing party's "delay in seeking remand or failure to disclose facts necessary to determine jurisdiction." *Id.*

---

[3] Here, Patel and the Defendants are citizens of the District of Columbia.

3

The Court will deny Patel's request for attorney's fees because "an objectively reasonable basis" existed for removal of this action. *Martin,* 546 U.S. at 140. The Complaint does not specify Patel's citizenship, and the Defendants believed that Patel maintained a "Florida divers' [sic] license and a permanent residence in Florida," thereby establishing citizenship in Florida. (Not. Removal ¶ 6.) Considering the lack of any allegations regarding Patel's citizenship in the Complaint and Patel's ties to Florida, the Defendants had an "objectively reasonable basis" for concluding that removal was proper based on diversity of citizenship. *Martin,* 546 U.S. at 141. Therefore, fees will be denied. *See id.*

### III. Conclusion

First, while the Court will grant the Motion to Remand, the Court *sua sponte* ORDERS the Clerk to redact, pursuant to Federal Rule of Civil Procedure 5.2(a), the two references to Patel's date of birth on Exhibit A to the Memorandum in Support of the Motion to Remand Case to State Court. (ECF No. 6.) Case number 19cv879 SHALL have only the redacted exhibit in its file prior to remand.

Second, for the foregoing reasons, the Court GRANTS Patel's Motion to Remand. (ECF No. 5.) The Court DENIES Patel's request for fees.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 4-8-20
Richmond, Virginia

4